IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON K. JOSEPH, : | |
| : | CIVIL ACTION |
| Petitioner, : | |
| v. : | |
| : | NO. 18-2202 |
| SCI-ROCKVIEW SUPERINTENDENT : | |
| MARK GARMAN, et al., : | |
| : | |
| Respondents. : | |

MEMORANDUM AND ORDER

JACOB P. HART, U.S.M.J.                                                                              October 18, 2018

I.   FACTS AND PROCEDURAL HISTORY

On November 12, 2015, following a non-jury trial, Petitioner, Carrington K. Joseph ("Petitioner" or "Joseph"), was convicted of first degree murder in the Court of Common Pleas of Lancaster County. The facts of the case were summarized by the trial court as follows:

> At trial, the Commonwealth established the following, gruesome fact. On May 2, 2014, [Petitioner] stabbed the victim, his wife, more than eighty (80) times. The majority of the wounds were to the victim's abdomen, neck and head. During the attack, [Petitioner] broke two knives and made multiple trips to the kitchen to retrieve additional knives. At one point, the victim attempted to stagger out of the apartment's front door and, as the victim's family attempted to assist her, [Petitioner] pointed the knife at them and told them to move back before they too got stabbed. [Petitioner] then dragged the victim back into the apartment and closed the door to continue the attack. During the majority of this extended attack, the victim was laying[sic] helplessly on the ground. [Petitioner's] infant children were seated in their car seats in the room in which the attack took place. [Petitioner] was described as calm throughout this whole incident and, after being taken into custody, calmly recounted these facts, in great detail, with little remorse shown.

Commonwealth v. Joseph, No. 823 MDA 2017, 2018 WL 466236 at *6 (Super. Ct. January 18, 2018) (quoting Trial Court Opinion, 1/18/2016 at 2-3).

Joseph waived his right to a jury trial in exchange for the Commonwealth agreeing not to pursue the death penalty. On December 15, 2015, he was sentenced to life imprisonment without the possibility of parole. Petitioner filed a direct appeal and his judgment of sentence was affirmed by the Pennsylvania Superior Court on July 14, 2016. Commonwealth v. Joseph, 154 A.3d 856 (Pa. Super 2016) (unpublished memorandum).

On September 12, 2016, Joseph filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq. Counsel was appointed and filed a "no-merit letter," pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). On March 21, 2017The PCRA court issued a notice of intent to dismiss the petition. Petitioner filed a pro se response, and the Lancaster County Court of Common Pleas dismissed the PCA petition on May 11, 2017. On that same date, Petitioner filed an appeal of the dismissal in the Pennsylvania Superior Court. On January 18, 2018, the Pennsylvania Superior Court affirmed the judgment of the PCRA court.

Petitioner filed a pro se Petition for Writ of Habeas Corpus in this Court on May 24, 2018. He raised the following claims: (1) insufficient evidence to sustain a conviction of first degree murder; (2) ineffective assistance of counsel for failing to prevent Petitioner from waiving his right to a jury trial, where waiver was entered while he was on heavy sedatives; (3) ineffective assistance of counsel for failing to move for a competency hearing; (4) prosecutorial misconduct, under Brady, for failing to disclose that a Commonwealth witness had a prior arrest which could have been used for impeachment; (5) ineffective assistance of counsel for failing to pursue an imperfect self-defense charge; (6) ineffective assistance of counsel for instructing Petitioner not to testify on his own behalf, where he alleges that his testimony could have resulted in the court giving an imperfect self-defense charge; (7) prosecutorial misconduct in

violation of Brady for withholding the murder weapon which contained the decedent's fingerprints and would have negated the Commonwealth's theory of events; and (8) ineffective assistance of counsel for failing to move to dismiss pursuant to the Speedy Trial Act. Doc. No. 1. Joseph has since filed multiple amendments or addendums to his petition, in which he does not file a new or replacement petition, but rather, he adds argument and/or case law to expand upon his claims. (Doc. Nos. 5, 8, 12, 14).

On July 12, 2018, Petitioner filed a second pro se PCRA petition in the Lancaster County Court of Common Pleas, requesting that DNA/fingerprint testing be conducted on the murder weapon. He now argues that testing would show the decedent's fingerprints on the kitchen knife, which would prove that the Commonwealth's theory of the events leading to the murder are incorrect. Petitioner's request was denied by the state court on August 6, 2018. Petitioner filed a Notice of Appeal, which was docketed by the Pennsylvania Superior Court on August 20, 2018. Commonwealth v. Joseph, 1388 MDA 2018.

On August 16, 2018, Petitioner filed a Motion for Stay and Abeyance of his federal habeas petition. (Doc. No. 13). Petitioner is seeking to stay the current habeas petition until he has exhausted his request for DNA testing in state court, as it relates to his Ground Seven. Joseph has also filed a motion for discovery in this action, in which he requests that this Court enter an order that Respondent shall furnish Petitioner with DNA results in its possession and further mandate that testing be conducted on other evidence including the kitchen knife. (Doc. No. 15). Also pending before this Court is a motion in which he seeks discovery pertaining to an arrest of a Commonwealth witness. (Doc. No. 11).

## II. DISCUSSION

The Supreme Court's decision in Rhines v. Weber, 544 U.S. 269 (2005), allows the federal court in limited circumstances to issue a protective stay pending exhaustion, rather than dismissing the petition. Id. at 270. Such action is appropriate where "(1) good cause exists for the petitioner's failure to exhaust all claims, (2) the unexhausted claims are not 'plainly meritless,' and (3) there is an absence of any indication that the petitioner is engaged in 'potentially dilatory tactics." Id. at 278. The Third Circuit has held that the stay and abeyance procedure is not limited to "mixed" petitions (petitions containing both exhausted and unexhausted claims), but is also available in cases where there is only an unexhausted claim. See Heleva v. Brooks, 581 F.3d 187, 191-93 (3d Cir. 2009).

Petitioner seeks to have his petition stayed pending completion of his appeal of the denial of his request for DNA/fingerprint testing, which is now pending on appeal in state court. He claims that he exhausted his Brady claim (ground seven) in his first PCRA petition, but argues that this issue of DNA or fingerprint evidence is relevant and pertinent to that claim. Doc. No. 13 at 4. Respondent has filed a Response to the Motion, in which it states that it does not disagree that the petition should be stayed. (Doc. No. 19). However, we note that Respondent did not address the factors required for a stay and abeyance in federal court.

In order for the District Court to grant a stay pursuant to Rhines, the Petitioner must demonstrate that (1) the petitioner had good cause for failing to exhaust the claim; (2) the petition contains potentially meritorious claims; and (3) the petitioner has not employed intentionally dilatory litigation tactics. Rhines, 554 U.S. at 278. We do not find that Joseph has satisfied these requirements. He acknowledges that he has exhausted the issues raised in his federal habeas petition. While he currently has an appeal pending in state court of the denial of

4

his second PCRA petition ,in which he requests DNA testing, this is not an issue that precludes ruling upon his habeas claims. While Petitioner argues that the issue of DNA testing/fingerprinting of the murder weapon is related to claims raised in his habeas petition, this issue was addressed by the state court in his first PCRA petition.

The PCRA Court addressed the issue of fingerprints on the murder weapon and found that the existence of the victim's fingerprints on her own kitchen knives is not material to Petitioner's guilt or innocence. Commonwealth v. Joseph, No. 823 MDA 2017, 2018 WL 466236 at *6 (Super. Ct. January 18, 2018). Joseph has definitely not demonstrated that his claim relating to DNA or fingerprints on the murder weapons is potentially meritorious or how his success in obtaining DNA evidence would help his claims raised in this petition. As the state courts have addressed, the degree of force used by Petitioner stabbing the victim over 80 times, the fact that multiple knives were used, and that according to witnesses he dragged the victim back inside while she attempted to escape, all preclude an imperfect self-defense claim. Id. at *4. Therefore, a stay and abeyance is not justified in this case.

Petitioner has also requested discovery in this case, which has also already been addressed in state court. He has moved this Court for orders compelling Respondents to produce arrest and/or conviction records for Commonwealth witness, Porschia Garcia (Doc. No. 11) and an order compelling Respondents to conduct DNA testing on evidence (Doc. No. 15). This Court will also deny both motions for discovery.

Therefore, I will issue an Order on this date denying Petitioner's Motion for Stay and Abeyance (Doc. No. 13) and his Motions for discovery (Doc. Nos. 11, 15).

BY THE COURT:

/s/ Jacob P. Hart

JACOB P. HART, U.S.M.J.