IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARRINGTON JOSEPH,<br><br>    *Petitioner,*<br><br>v.<br><br>SCI-ROCKVIEW SUPERINTENDENT MARK GARMAN, et al.,<br><br>    *Respondents.* | CIVIL ACTION<br>NO. 18-2202 |

**PAPPERT, J.**                                                                                                                       May 22, 2023

### MEMORANDUM

*Pro se* petitioner and state prisoner Carrington Joseph is currently serving a life sentence without the possibility of parole. He was convicted, at a bench trial, of first-degree murder for the brutal killing of his wife. Joseph filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (ECF 61). The Court denies the motion because it is an unauthorized second or successive habeas petition.

I

Magistrate Judge Hart's Report and Recommendation recounted the factual background and procedural history of this case. *See Joseph v. Garman*, No. 18-2202, 2019 WL 13038426, at *1 (E.D. Pa. Sept. 30, 2019), *report and recommendation adopted*, 2021 WL 3910731 (E.D. Pa. Aug. 31, 2021). Joseph's petition for a writ of habeas corpus, together with his amended filings, asserted the following nine claims: (1) the evidence was insufficient to convict him of first degree murder; (2) counsel was ineffective for failing to prevent him from waiving his right to a jury trial; (3) counsel was ineffective for failing to move for a competency hearing; (4) a *Brady* violation for

1

failing to disclose that a Commonwealth witness had a prior arrest; (5) counsel was ineffective for failing to pursue an imperfect self-defense argument; (6) counsel was ineffective for instructing Joseph not to testify; (7) a *Brady* violation for withholding the murder weapon which contained the decedent's fingerprints; (8) counsel was ineffective for failing to move to dismiss pursuant to the Speedy Trial Act; and (9) counsel was ineffective for failing to file a motion to recuse the trial judge, and his PCRA counsel was ineffective for failing to raise the same recusal issue.  *See* (ECF 1, 5, 8, 12, 14).

Judge Hart recommended the Court deny the petition.  (ECF 30.)  Joseph then filed objections (ECF 38), which the Court overruled, adopting the R&R and denying the petition (ECF 55, 56).  The Third Circuit denied his request for a certificate of appealability.  (ECF 59.)  Joseph now seeks relief from the judgment pursuant to Rule 60(b)(6), claiming PCRA counsel was ineffective for failing to adequately pursue his claims related to trial counsel's ineffectiveness.  (Pet'r Mot. Relief J. Pursuant Rule 60(b) ¶ 14, ECF 61.)  Specifically, he claims PCRA counsel failed to properly argue that trial counsel was ineffective for failing to protect his jury trial rights, request a competency hearing, establish an imperfect self-defense argument by having Joseph testify, and move for the recusal of the trial judge after the judge witnessed a member of the victim's family assault Joseph during the trial.  (*Id.* at ¶¶ 5, 14, 18; Mem L. Supp. Mot. Relief J. Pursuant Rule 60(b) at 5, ECF 61.)  He also claims the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012) provides a new basis for relief.  (Pet'r Mot. Relief J. Pursuant Rule 60(b) ¶ 14, ECF 61.)

II

A

Federal Rule of Civil Procedure 60(b)(6) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Under Rule 60(c), a motion brought under Rule 60(b)(6) must be brought "within a reasonable time." Fed. R. Civ. P. 60(c).

B

The Antiterrorism and Effective Death Penalty Act of 1996, codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (*per curiam*).

AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals divests district courts of jurisdiction over habeas applications that are second or successive. *See, e.g., Burton v. Stewart*, 549 U.S. 147, 149 (2007). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a purported Rule 60(b) motion. Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2023) (a habeas petitioner "is not permitted to

circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[1] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531–32 (quoting § 2244(b)(1) and (2)). The Supreme Court stated that in most cases, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such

---

[1] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

4

as an assertion that the opposing party committed fraud upon the court.  *Id.* at 532 and n.4.

## III

Joseph argues that *Gonzalez v. Crosby* does not bar his motion because the Court "summarily ruled on claims factually undeveloped in state court proceedings and/or found them procedurally defaulted." (Mem L. Supp. Mot. Relief J. Pursuant Rule 60(b) 5, ECF 61.)  Unfortunately for Joseph, the Court reviewed each of the issues he now raises on the merits in adopting the R&R and denying his petition.[2]  His motion, in reality, seeks habeas relief on claims already presented to the Court, and AEDPA is clear that claims "presented in a second or successive habeas corpus application under section 2254 that [were] presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  Because Joseph asserts claims already raised in his prior petition, the Court must construe his motion as an unauthorized second or successive habeas petition.  The Court lacks jurisdiction over his claims because he has not received authorization from the Court of Appeals to file another federal habeas petition.  *See* 28 U.S.C. § 2244(b)(3).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2]   *See Joseph v. Garman*, No. 18-2202, 2021 WL 3910731, at *4–5 (E.D. Pa. Aug. 31, 2021), *certificate of appealability denied sub nom. Joseph v. Superintendent Rockview SCI*, No. 21-2848, 2022 WL 4598072 (3d Cir. May 3, 2022), *cert. denied sub nom. Joseph v. Garman*, 143 S. Ct. 531 (2022).